**Hugo J. FACH, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, and Department of the Army, Respondent.**

**Appeal No. 84–1196.**

United States Court of Appeals, Federal Circuit.

Feb. 25, 1985.

---

Ross Harry Briggs, St. Louis, Mo., submitted for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan and Kathleen M. Miko, Dept. of Justice, Washington, D.C., submitted for respondent.

Murray M. Meeker, Washington, D.C., of counsel.

Before FRIEDMAN, KASHIWA, and MILLER, Circuit Judges.

JACK R. MILLER, Circuit Judge.

We affirm the decision of the Merit Systems Protection Board ("board") upholding the decision of the Office of Personnel Management ("OPM") to grant the application of petitioner's employing agency ("Army") to remove petitioner from service because he was totally disabled for useful and efficient service in his position due to his psychiatric condition.

## Background

Petitioner was employed by the Army in 1975. In August, 1980, he was transferred

from his position as a clerk to that of an equipment operator in the Computer Management Division of the command in which he was employed. Before involuntary retirement proceedings were filed in early 1981, petitioner had received satisfactory ratings on his conduct reports, and there is documentation to the effect that petitioner had "above average" knowledge of the computers with which he worked.

Petitioner filed grievances to obtain satisfactory ratings for two years which ratings had been lost by the Army and received a "satisfactory" rerating for both years. Later, one of those reratings was lost by the Army and continued to be lost throughout the pendency of petitioner's involuntary retirement proceedings.

In February, 1981, the Chief of the Computer Section conducted an investigation that indicated that petitioner had two crying spells on the job and that petitioner was also receiving private psychiatric counseling. At that time, petitioner was transferred temporarily to another section of the Computer Operations Branch.

During his temporary assignment, complaints by individuals were lodged against petitioner with respect to alleged disruptions of the workplace, but there is evidence that not all those who worked with him found him to be disruptive. Petitioner denied the truth of the allegations and asserted that the complaints were motivated by personal feelings against him.

In March, 1981, a fitness panel composed of petitioner's superior, a personnel officer, and a medical officer unanimously agreed that a psychiatric examination and evaluation were in order. A psychiatrist of petitioner's choice, Dr. Taylor, completed a certified medical evaluation, and it is not contested by the Army that this did not include a medical history, list of examinations performed, diagnosis, prognosis, or an assessment of risk or hazard to self or others, as required for a voluntary retirement under 5 C.F.R. § 831.502(a) (1984). In May, 1981, Dr. Taylor prepared a second certified evaluation without reinterviewing petitioner,

following a telephone conference with an Army personnel officer. Dr. Taylor included in that evaluation his recommendation that petitioner be separated.

On June 22, 1981, petitioner's superior placed him on sick leave. In early August, 1981, an Army physician, who was not a board-certified psychiatrist, conducted a further psychiatric evaluation of petitioner in the absence of an agency fitness panel recommendation. The report he completed, dated August 10, also did not contain the items omitted by Dr. Taylor. Neither of the certified evaluations submitted by Dr. Taylor was prepared within ninety days of the Army's application for petitioner's retirement, as required under 5 C.F.R. § 831.-502(a), but the report of the Army physician was dated within that time period.

On October 7, 1981, an unsigned memorandum was inserted in petitioner's file, indicating that an effort to locate another position for petitioner had failed due to the lack of guidance in Dr. Taylor's reports.

On November 9, 1981, the Army filed an application for petitioner's involuntary retirement, contending that he was totally mentally disabled. OPM granted the application. Petitioner requested reconsideration, and OPM issued a decision affirming its earlier decision. Petitioner then appealed OPM's decision to the MSPB.

The MSPB considered petitioner's submissions, the physicians' reports, and the statements of fellow employees, which were uncontested descriptions of threatening remarks made by the petitioner, and concluded that the Army had adequately shown that petitioner was unable to render any useful service. In addition, the Presiding Official found that petitioner had demonstrated neither harmful error nor a prohibited personnel practice because the Army did not include in the medical evaluations items specified in 5 C.F.R. § 831.-502(a). Finally, the Presiding Official found that petitioner failed to show bias or retaliation on the part of the Army in response to petitioner's grievances. The full board denied petitioner's request for review, 5 C.F.R. § 1201.115 (1984), and he petitioned this court.

## OPINION

 The board's decision, affirming the action of OPM in granting the agency-initiated disability retirement, falls outside the authority of this court to set aside a decision under 5 U.S.C. § 7703(c) (1982)[1]; also, the petitioner has failed to demonstrate that the Army or OPM committed harmful error, 5 U.S.C. § 7701(c)(2) (1982), or a prohibited personnel practice, 5 U.S.C. § 2302(b)(9) (1982).

 We reject petitioner's argument that the Army failed to establish a *prima facie* case of mental disability in failing to timely submit medical information and in submitting medical information that did not meet the standards required by 5 C.F.R. § 831.502, Disability retirement. Both petitioner and the board misinterpreted the pertinent regulations by incorrectly construing Subpart E (Eligibility for Retirement), 5 C.F.R. §§ 831.501–504 (1984), as though incorporated into Subpart L (Disability Retirement on Application of an Agency and Reconsideration of Disability Retirement Decisions), 5 C.F.R. §§ 831.1201–1206 (1984).

Section 831.502 describes the type of medical evidence an employee-applicant must submit to OPM in support of an application for voluntary disability retirement. However, Subpart L, under which the Army initiated petitioner's discharge, describes an agency-initiated or involuntary disability retirement application and how OPM may supplement its medical evidence received from the employee in voluntary retirement proceedings or from the agency in involuntary proceedings.

 Petitioner argues that since the requirements in a "documentation of a medical condition," described in present section 831.502(a), were not included in the evaluations prepared by Dr. Taylor or the agency physician, the agency committed harmful procedural error. He points out that the

medical report requirements of said section 831.502(a) are incorporated into section 831.1204(a)(1) by reference and must be met by the agency. This is an incorrect interpretation of those sections. A review of sections 831.502(a) and .1204(a)(1) for the years 1980 through 1984 indicates that OPM simply failed to amend the reference in section 831.1204(a)(1) when section *831.-502(a)* was changed to become section *831.-502(c)* in 1981. Moreover, even though section 831.1204(a)(1) includes the procedure OPM must follow to obtain additional medical information in both agency-initiated and voluntary retirements, this does not incorporate Subpart E (voluntary actions of applicants and employees) into every section of Subpart L. Whereas section 831.1203 refers to agency actions, section 831.1204 refers only to actions initiated by OPM. Thus, a reference to Subpart E, section 831.502, in section 831.1204 does not thereby control agency-initiated actions, and section 831.1204 does not impose on agencies the requirements of section 831.502(a). Petitioner cannot rely on section 831.502 requirements to create a defense to his removal action, because only section 831.1203 controls the procedure for an agency to collect medical evidence in an involuntary action. Petitioner does not contest that the Army complied with the substantive and procedural requirements of section 831.-1203, and we so hold.

 Petitioner's allegations that the Army did not make an effort to find him a suitable vacant position and that the Army's misconduct proves that its allegations were retaliatory and pretextual fail as insufficiently supported by the record to satisfy any of the conditions prescribed by 5 U.S.C. § 7703(c).

AFFIRMED.

---

1. The board's decision may only be reversed by this court if arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982).